IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| SILVESTRE SANDOVAL-CAMPOS, | § | |
| Reg. No. 95286-180, | § | |
| Movant, | § | |
| | § | EP-11-CV-242-FM |
| v. | § | EP-10-CR-902-FM |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Movant Silvestre Sandoval-Campos's ("Sandoval") *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence [ECF No. 42].[1] Therein, Sandoval challenges the seventy-one month sentence imposed by the Court after he pleaded guilty to illegally reentering the United States after his removal. Sandoval asserts his counsel rendered ineffective assistance when he failed to object to the "excessiveness of his sentence."[2]

It appears from the record that Sandoval has an appeal pending before the Court of Appeals for the Fifth Circuit.[3] A claim must be ripe for review before a court may exercise jurisdiction over it.[4] A § 2255 motion filed while a direct appeal is pending is generally *not* ripe

---

[1] "ECF No." in this context refers to the Electronic Case Filing number for documents docketed in EP-10-CR-902-FM.

[2] Mot. to Vacate 4.

[3] *United States v. Sandoval-Campos*, No. 10-50908 (5th Cir. docketed Sept. 23. 2010). In his direct appeal, Sandoval argues his presentence investigation report was incorrectly scored because his criminal history points were incorrectly calculated.

[4] *See United States v. Carmichael*, 343 F.3d 756, 761 (5th Cir. 2003) (explaining when a "claim is not ripe for review" the court lacks jurisdiction over it); *DeCell & Associates v. F.D.I.C.*, 36 F.3d 464,

for consideration because "the disposition of the appeal may render the motion moot."[5] "[T]he orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances."[6] Moreover, the Fifth Circuit has specifically "held that a criminal defendant may not collaterally attack his conviction until it has been affirmed on direct appeal."[7] Thus, a court should normally dismiss a movant's § 2255 motion when a direct appeal is pending without prejudice to the movant reasserting his motion after the appellate court has ruled on his direct appeal.[8]

Sandoval's § 2255 motion is clearly premature. The Court finds no extraordinary circumstances justifying its consideration of Sandoval's § 2255 motion while his direct appeal is pending.[9] Accordingly, the Court enters the following orders:

1. The Court **DISMISSES WITHOUT PREJUDICE** Movant Silvestre Sandoval-Campos's *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence [ECF No. 42] and civil cause EP-11-CV-242-FM.

---

468-69 (5th Cir. 1994) (holding that when claims "are not ripe for judicial review," they must be dismissed "for lack of subject matter jurisdiction."); *Samaad v. City of Dallas*, 940 F.2d 925, 934 (5th Cir. 1993) ("[R]ipeness is a jurisdictional requirement that cannot be waived.").

[5] *Welsh v. United States*, 404 F.2d 333, 333 (5th Cir. 1968), *abrogated on other grounds*, *United States v. Ortega*, 859 F.2d 327, 334 (5th Cir. 1988).

[6] *Womack v. United States*, 395 F.2d 630, 631 (D.C. Cir. 1968).

[7] *Fassler v. United States*, 858 F.2d 1016, 1019 (5th Cir. 1988).

[8] *See Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972) (holding that a motion to vacate under section 2255 is "not entitled to consideration on the merits" while a direct appeal remains pending).

[9] *See United States v. Wollard*, 416 F.2d 50, 51 (5th Cir. 1968) ("'We are of the view that there is no jurisdictional bar to the District Court's entertaining a Section 2255 motion during the presence of a direct appeal but that the orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances.'") (quoting *Womack*, 395 F.2d at 631).

2. Additionally, because reasonable jurists would not debate the Court's conclusion that Movant Silvestre Sandoval-Campos's motion is premature, the Court **DENIES** him a **CERTIFICATE OF APPEALABILITY**.[10]

3. Finally, the Court **DENIES** all pending motions in this cause, if any, as moot.

**SO ORDERED.**

SIGNED this _15_ day of June, 2011.

**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**

---

[10] *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (explaining that to warrant a certificate of appealability as to claims that a district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to certificate of appealability determination in context of section 2255 proceedings).